**Affirmed as Modified and Opinion Filed December 28, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-21-00511-CR
05-21-00512-CR
05-21-00513-CR
05-21-00514-CR

**OSCAR MALIK KING, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1771539-M, F-2100153-M, F-2100154-M, & F-2100155-M**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Appellant Oscar Malik King appeals his convictions for aggravated sexual assault of a child, two counts of burglary of a habitation with the intent to cause sexual assault, and assault family violence with a prior conviction. In five appellate issues, King argues (1) the trial court erred by denying his motion for continuance and (2-5) the judgments should be reformed to properly reflect what occurred during his sentencing. In two cross-issues, the State asks this court to modify the judgment

for assault family violence to correctly reflect what occurred at sentencing. We affirm as modified.

## BACKGROUND[1]

In 2017, King was placed on three years' deferred adjudication community supervision for assault family violence with a previous conviction.[2] *See* TEX. PENAL CODE § 22.01(b)(2)(A). In 2019, King was indicted for aggravated sexual assault of a child and two cases of burglary of a habitation with the intent to cause sexual assault. *See id*. §§ 22.021(A)(2)(B), 30.02(d). All three 2019 cases included an enhancement paragraph for a previous felony conviction. Following those indictments, the State also filed a motion to revoke King's 2017 community supervision. The four cases were consolidated for trial.

On May 21, 2021, twelve days before trial, the State re-indicted King's aggravated sexual assault of a child case by adding language regarding a threat of violence that raised the mandatory minimum sentence to 25 years' imprisonment. On May 23, 2021, King urged an oral motion for continuance during a pre-trial hearing stating trial counsel needed more time to consult with King "regarding his

---

[1] Appellate cause number 05-21-00511-CR refers to trial court cause number F17-71539-M, the assault family violence conviction. Appellate cause number 05-21-00512-CR refers to trial court cause number F-2100153-M, the aggravated sexual assault of a child conviction. Appellate cause number 05-21-00513-CR refers to trial court cause number F-2100154-M and appellate cause number 05-21-00514-CR refers to trial court cause number F-2100155-M; both are convictions for burglary of a habitation with intent to commit sexual assault.

[2] The assault family violence conviction also included an enhancement paragraph for a previous felony conviction. King pleaded true to the enhancement paragraph and the trial court found the enhancement true.

options." The State responded stating King knew the facts of the case from early in the discovery process and the added language was contained within the police report. It stated the added language would not require additional witnesses or evidence added to its case-in-chief. The State also argued the plea bargain offer it made was higher than the mandatory minimum, and had been on record for almost eight months, so there was no disadvantage to King by proceeding to trial. The trial court denied the oral motion for continuance.

Trial counsel filed a written motion for continuance and re-urged the continuance the following day. The State kept its plea offer open until the hearing on May 24, 2021. King asked for permission to address the trial court, and explained his thoughts on the State's plea bargain offer, and how he would not accept it. Following King's statements, the State closed the plea bargain offer, the trial court denied the continuance again, and trial was set for the following week. At trial the following week, the added language King complained of was abandoned prior to jury selection, and the State proceeded on a standard aggravated sexual assault of a child charge.

King pleaded not guilty to the charges, a jury found him guilty, and the trial court assessed his punishment. During the punishment phase of his trial, the State also proceeded on the revocation of the assault family violence with a prior conviction case. He pleaded true to the enhancement paragraph of the three sexual assault based cases, and pleaded not true to the allegations alleged in the State's

motion to revoke. The trial court found him guilty, found the enhancement paragraph true, found the revocation allegations true, assessed punishment at 85 years' imprisonment on each of the sexual assault based offenses and 20 years' imprisonment on the assault with family violence case, and ordered the punishments to run concurrently.

King filed motions for new trial on all four of the cases, each of which were overruled by operation of law. This appeal followed.

## ANALYSIS

In his five appellate issues, King argues the trial court erred by denying his motion for continuance and the judgments should be reformed to properly reflect what occurred during his sentencing. The State raises two cross-issues seeking additional modifications to the assault family violence judgment.

## I.      Motion for Continuance

We review the denial of a motion for continuance for an abuse of discretion, giving a wide degree of deference to the trial court. *See Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. art. 29.06(6). A defendant must satisfy a two-prong test to show reversible error predicated on the denial of a pretrial motion for continuance. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010). First, the defendant must show "the case made for delay was so convincing that no reasonable trial judge could conclude that scheduling and other considerations as well as fairness to the State outweighed the defendant's

interest in delay of the trial." *Id*. Second, the defendant must show that he was actually prejudiced by the denial of his motion. *Id*.

King urged a motion for continuance, arguing he needed more time to "evaluate his options and make strategical [sic] decisions" before proceeding to trial. King requested a continuance due to the State re-indicting him on the aggravated sexual assault charge, where the State added additional language: "That the defendant did then and there by words or act, threat [sic], to cause or place the complainant in fear of imminent bodily injury" and changed the identity of the complaining witness. The change in the indictment raised the minimum range of punishment from fifteen years' imprisonment to twenty-five years' imprisonment. The State argued all of the information added was contained in the initial discovery turned over months prior to the trial setting. The State agreed the language regarding a "threat" did enhance King's minimum range of punishment but argued since the information was contained in the initial discovery, it was unlikely to have been a "surprise." The State told the trial court it would not be calling additional witnesses at trial or adding additional reports to its discovery. The trial court gave King time to consider what he wanted to do, and then recessed the motion for continuance hearing to the following day to allow additional time. When the hearing continued the following day, the trial court asked King how much time he was requesting for his continuance. Counsel responded by saying: "Respectfully, Your Honor, I am

simply stating my position on the record. My client is seeking a continuance and accordingly, I am urging a continuance." The trial court denied his request.

We conclude King's argument was not "so convincing" that it was unreasonable for the trial court to deny his request for a continuance. *Id*. The trial court gave King an opportunity to request a specific amount of time needed to prepare for trial based on the new indictment, but King did not respond with a requested time frame or address why additional time was needed.

Additionally, King cannot show he was "actually prejudiced" by the denial of his motion. *See id*. The added language was waived and abandoned by the State prior to the commencement of voir dire, and the State elected to proceed on a standard charge for aggravated sexual assault of a child. The jury charge contained the same language, minus any additional enhancement language, as the charge read at the beginning of trial. Therefore, King cannot show he was prejudiced by proceeding to trial after his continuance request was denied. *See id*.

Under this record, the trial court did not abuse its discretion by denying King's motion for continuance. We overrule King's first issue.

## II. Modification of the Judgments

In his remaining issues, King seeks modifications to each judgment. The State agrees with King's requested modifications and seeks two additional modifications to the assault family violence judgment in 05-21-00511-CR.

We have the power to modify a judgment to speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). When there is a conflict between the oral pronouncement of a sentence and the written judgment, the oral pronouncement controls. *Shuler v. State*, 650 S.W.3d 683, 686 (Tex. App.—Dallas 2022, no pet.) (citing *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004)). When the oral pronouncement and the written judgment conflict, the remedy is to reform the judgment. *See Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). In our review of the record, we sustain all of King's issues, as well as the State's cross-appeal issues.

The judgment in 05-21-00511-CR, the assault family violence conviction, requires multiple modifications. The State's two cross-appeal issues also request us to modify this judgment. King asks us to correct this judgment to delete the finding under "terms of plea bargain." It currently states it was an "Open" plea bargain, but King states there was no plea bargain. We agree and modify the judgment to delete the finding of an "open" plea bargain under this section. The State first argues the current judgment shows King was convicted of assault under section 22.01 of the Penal Code but should reflect that King was convicted under section 22.01(b)(2)(A), which is the specific section associated with a family violence offense. We agree and so modify the judgment. In its second issue, the State claims this judgment lacks

a family violence finding under the "Special Findings" section. We agree and modify the judgment to incorporate the following under "Special Findings": "The Court finds that the Defendant was prosecuted for an offense under Title 5 of the Penal Code that involved Family Violence. TEX. CODE CRIM. PROC. art. 42.013."

In cause number 05-21-00513-CR, one of the burglary of a habitation with intent to commit sexual assault cases, King asks us to correct the judgment to reflect the proper offense and statute he was convicted under. The current judgment states King was convicted for "Aggravated Sexual Assault to a Child" under section 22.021(A)(2)(B) of the penal code. King argues the judgment should read King was convicted of "Burglary of a Habitation with the Intent to Commit a Sexual Offense" under section 30.02(d) of the penal code. We agree and modify this judgment accordingly.

Finally, in cause numbers 05-21-00512-CR, 05-21-00513-CR, and 05-21-00514-CR, King asks us to modify the judgments to reflect he pleaded true to the enhancement paragraphs. All three judgments state King pleaded not true to the enhancement paragraph and it was found true. We again agree with King and modify the three judgments to state that King "pleaded true" to the first enhancement paragraph.

We sustain King's second through fifth issues, sustain the State's two cross-appeal issues, and modify the judgments accordingly.

## CONCLUSION

Under this record, we conclude the trial court did not abuse its discretion by denying King's motion for continuance. We also find the judgements should be modified as described above. Accordingly, we overrule King's first issue, sustain King's second through fifth issues, as well as the State's two cross-appeal issues, and affirm the judgments as modified.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).
210511F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

OSCAR MALIK KING, Appellant

No. 05-21-00511-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1771539-M. Opinion delivered by Justice Partida-Kipness. Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

change convicted under section 22.01 to "convicted under section 22.01(b)(2)(A)"; under "Special Findings," add "The Court finds that the Defendant was prosecuted for an offense under Title 5 of the Penal Code that involved Family Violence. TEX. CODE CRIM. PROC. art. 42.013"; and under "terms of the plea bargain," delete "Open"

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 28th day of December 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OSCAR MALIK KING, Appellant

No. 05-21-00512-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-2100153-M. Opinion delivered by Justice Partida-Kipness. Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> change Defendant pleaded not true to enhancement paragraph to Defendant pleaded "True" to enhancement paragraph

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 28th day of December 2022.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OSCAR MALIK KING, Appellant

No. 05-21-00513-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-2100154-M. Opinion delivered by Justice Partida-Kipness. Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> change offense convicted of from Aggravated Sexual Assault of a Child to "Burglary of a Habitation with Intent to Commit Sexual Assault;" change offense code from Penal Code § 22.01(A)(2)(B) to Penal Code § 30.02(d); change pleaded not true to enhancement paragraph to pleaded "True" to enhancement paragraph

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 28th day of December 2022.

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

OSCAR MALIK KING, Appellant

No. 05-21-00514-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-2100155-M. Opinion delivered by Justice Partida-Kipness. Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

change Defendant pleaded not true to enhancement paragraph to Defendant pleaded "True" to enhancement paragraph

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 28th day of December 2022.